**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Cheryl L. Snow, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Rausch Sturm LLP f/k/a Rausch Sturm Israel | : **COMPLAINT** |
| Enerson & Hornik, LLP, | : |
| | : |
| Defendant. | : |

For this Complaint, the Plaintiff, Cheryl L. Snow, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, Cheryl L. Snow ("Plaintiff"), is an adult individual residing in Leyden, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Rausch Sturm LLP f/k/a Rausch Sturm Israel Enerson & Hornik, LLP ("Rausch"), is a Wisconsin business entity with an address of 250 N. Sunnyslope Road, Suite

300, Brookfield, Wisconsin 53005, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## <u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

### A.  <u>The Debt</u>

6.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Rausch for collection, or Rausch was employed by the Creditor to collect the Debt.

9.      Rausch attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  <u>Rausch Engages in Harassment and Abusive Tactics</u>

10.     In July 2020, Rausch filed a lawsuit against Plaintiff in an attempt to collect the Debt.

11.     In April 2022, Plaintiff attending a hearing and was instructed to complete a form disclosing all of Plaintiff's income.

12.     Plaintiff only receives monthly social security.

13.     On or about July 5, 2022, Plaintiff contacted Rausch to discuss the current status of the case and the upcoming hearing set for July 7, 2022.

14.     Rausch informed Plaintiff that it would be terminating the case against Plaintiff due to Plaintiff's financial hardship.

15.     Plaintiff asked Rausch if the July 7, 2022, hearing would still be taking place and whether she needed to attend.

16.     Rausch assured Plaintiff that there was no need for her to appear because Rausch was going to advise the court that Rausch was not going to pursue the matter any further due to Plaintiff's financial hardship.

17.     Plaintiff understood Rausch to mean that they were going to withdraw the case.

18.     In reliance on the information provided by Rausch, Plaintiff did not appear at the July 7, 2022, hearing.

19.     Thereafter, Plaintiff checked the court docket and saw that Rausch requested a default judgment against Plaintiff for failure to appear at the hearing.

20.     Rausch's actions caused Plaintiff a great deal of confusion, frustration and distress.

**C. Plaintiff Suffered Actual Damages**

21.     Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22.     As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

27.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

28.     The Defendant's conduct violated 15 U.S.C. § 1692e(15) in that Defendant falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process.

29.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

30.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.      The Defendant employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

34.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 27, 2022

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff